## WHEELER *v.* WADLEIGH.

A plea to a bill in equity, for discovery, that the plaintiff, prior to the filing of the bill, caused a suit at law to be brought in the name of a third person as plaintiff, against the plaintiff in the bill as principal defendant, and the defendant in the bill as his trustee, for the purpose of obtaining the disclosure of the defendant, as such trustee, in relation to the same matters about which the discovery is sought by the bill, and that the plaintiff in the bill has the control of the suit at law which is still pending, and may by means of the disclosure of the trustee in that suit obtain the discovery sought, is not sufficient to bar the discovery upon the bill.

IN CHANCERY. The plaintiff filed his bill for discovery in aid of a suit at law. The defendant pleaded, in bar of the discovery, that prior to the filing of the bill the plaintiff caused a suit at law to be commenced in the name of a third person as plaintiff, against the plaintiff in the bill as principal defendant, and the defendant in the bill as his trustee, in which suit the trustee was summoned for the

purpose of taking his disclosure as trustee in relation to the same matters about which the discovery is sought by the bill, and that the plaintiff in the bill has the control of that suit, which is still pending, and may, by causing the disclosure of the trustee to be taken in that suit, obtain the discovery sought. The plaintiff set down the plea for argument, by filing a demurrer to it.

*G. W. Morrison*, for the plaintiff.

*Stevens & West*, for the defendant.

SAWYER, J. When a plea is filed to a bill in equity, in bar of the suit, and the plaintiff conceives that the matters alleged in the plea are sufficient in law to bar the suit, but are not true in fact, his course is to take issue upon it, by a replication, and proceeding to take proof, as in the case of an answer; or, if the matter pleaded is the pendency of another suit for the same cause by reference to a master, for him to inquire and report whether another suit is pending for the same matter. But if the plaintiff claims that the matters alleged in the plea, although true, are nevertheless insufficient in law to bar the suit, his course is to bring the matter to a hearing, as in the case of a demurrer to the bill; and it is not necessary, for this purpose, that any reply in the form of a demurrer, or other exception to the sufficiency of the plea, should be filed. The plea in this respect may be treated by the plaintiff as an answer upon which he is content to set down the cause for hearing, as upon the bill and answer. If, on the hearing, the plea is held sufficient, he is then at liberty to take issue upon it by a replication, or by reference to a master, or, to obviate the objection raised by the plea, by obtaining leave to amend the bill, if the nature of the objection is such that it may be thus obviated; otherwise the bill will be dismissed. If the plea is adjudged insufficient on the hear-

ing, the defendant, of course, will be held to answer. The plea in this case must be overruled. It is undoubtedly true that cases sometimes arise in which the discovery of facts, material as evidence in another proceeding, may be obtained by the disclosure of a trustee in the process o foreign attachment. This is merely incidental to the proceedings in such cases. None of the provisions of the statute regulating the process of foreign attachment contemplate a resort to it, for the discovery of facts to be used in another suit, as the object of the proceedings. Without a statute giving jurisdiction in cases of bills for discovery to other tribunals, it must remain exclusively in this court, and we cannot decline to take cognizance of the bill merely because it happens in that particular case that the facts of which the discovery is sought may come out in the disclosure taken, in contemplation of law, for a different object.

*The defendant must be held to answer.*